## BROADLEY v. UNION RY. CO.
### No. 9163.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1942.

---

William H. Allen, of St. Louis, Mo. (Mark D. Eagleton, Edward L. Eyerman, and William H. Allen, all of St. Louis, Mo., and Joseph H. Norville, of Memphis, Tenn., on the brief), for appellant.

Cooper Turner, Jr., of Memphis, Tenn. (Canada, Russell & Turner, of Memphis, Tenn., on the brief), for appellee.

Before HICKS, ALLEN, and McAL-LISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant, a railroad switch foreman, brought suit against the Union Railway Company to recover claimed damages of $60,000, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for personal injuries sustained in appellee's yard, while engaged in switching operations. A verdict of $3,000 was returned, upon which judgment was entered, after denial of appellant's motions to set aside the verdict and for a new trial. The accident happened at night, and appellant claimed that another of appellee's switchmen, negligently caused freight cars to be moved while appellant was coupling them, and after he had given a "cut-off" signal, the meaning of which was in dispute. Both negligence and contributory negligence were in issue.

The Federal Employers' Liability Act, Sec. 53, Title 45 U.S.C.A., provides that contributory negligence shall not bar a recovery, but that the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. The trial court, in accord with the contention of counsel for appellee, instructed that if plaintiff employee was found guilty of contributory negligence, the jury should diminish the damages in proportion to the amount of negligence attributable to the plaintiff, whether such contributory negligence was proximate or remote; and that remote contributory negligence is that negligence which does not directly and proximately contribute to cause the accident, but, nevertheless, remotely contributes thereto.

At the conclusion of the charge, counsel for appellant, in a colloquy, insisted that such instruction was incorrect and that remote contributory negligence was not to be considered by the jury in diminution of damages. Appellee's counsel, however, urged that the charge was proper; and at the opening of court the next day, the trial judge, after a discussion with counsel,

stated on the record that while appellee's counsel had then suggested that the instruction which had been given was probably not an accurate statement of the law because of the reference to remote contributory negligence, nevertheless, appellant's counsel had agreed that the jury might consider the case without any further charge or correction, and that appellant waived any objection on the question of remote contributory negligence. When this agreement was made, the court had already concluded its charge.

Thereupon, the jury retired and, after approximately three hours spent in consideration of the case, they returned into open court and requested a rereading of the charge in its entirety. Counsel for appellant then requested the trial court to correct the charge on contributory negligence by omitting any mention of remote contributory negligence. To this, appellee's counsel objected on the ground that counsel for appellant had waived such objection and that "you can't turn around and change the law after they have had the case several hours." The court held that the waiver of objection by counsel for appellant, to the instruction with regard to remote contributory negligence, was a binding agreement, and that a further charge on contributory negligence would probably tend to confuse the jury; and, although appellant's counsel insisted upon their exception, the court recharged the jury on remote contributory negligence in the identical language of his previous instruction.

■ Contributory negligence is the negligent act of a plaintiff which, concurring and co-operating with the negligent act of a defendant, is the proximate cause of the injury complained of. It directly and proximately contributes to the injury. It may concur with some negligent act of the defendant, but it must be causal; and remote contributory negligence is not direct and proximate, and is, therefore, not causal. It is conceded that the trial court inadvertently erred in its first instruction to the jury on the question of remote contributory negligence.

■ However, when the jury returned for a rereading of the entire charge, the whole case was then as though it were being presented to them for the first time. There was no reason, therefore, why the instruction should not have been corrected on resubmission; and appellant's counsel were not bound by any concession, made subsequent to the conclusion of the court's first charge, that the instruction, previously given, should remain incorrect. They insisted that when the entire case was again being presented, the jury should be instructed in accordance with the law. At that time it had been conceded by appellee's counsel that the previous charge was incorrect. Under such circumstances, it would be ritualistic form to require that the forbearance of counsel at the conclusion of the previous charge, after they had vigorously pointed out the error, should bind them on the entire resubmission of the case to the jury.

■ It is urged by counsel for appellee that it is apparent that the jury did not consider remote contributory negligence inasmuch as the diminution of damages must have been based on proximate contributory negligence, bearing a high proportion to the negligence of both parties. The verdict could as reasonably be said to have resulted from a diminution of damages by the jury because of so-called remote contributory negligence. We are of the opinion that the refusal of the court to charge correctly, merely because of counsel's previous concession, and the possible confusion of the jury, was reversible error.

■ Appellant further claims that the trial court erred in not instructing the jury, in accordance with his request, that it was the duty of appellant and other employees to obey the written rules of the company, and that, if "you find that plaintiff did obey said written rules and did exercise ordinary care in all respects for his own safety, then the court instructs you that the plaintiff cannot under such circumstances be held guilty of negligence or contributory negligence." Because of the refusal of the court to give this instruction, appellant insists that he was deprived of having called to the attention of the jury, a statement of the circumstances from which the jury might draw inferences rebutting alleged contributory negligence.

The written rules referred to, provided that during the backing or shoving of a train, engine, or cars, the disappearance from view of an employee or his lantern, must be construed as a stop signal. But the real issue was the meaning of the "cut-off" signal, which was given by appellant, and this largely depended upon the oral testimony of the parties. The appellee contended that the stop signal rule was inap-

plicable, because the "cut-off" was a signal to indicate that appellant had completed his work of coupling and that the switching crew was to continue operations. Appellant, on the other hand, insisted that the cut-off signal meant only that the engine and one car were to be cut off from the rest of the train and moved back on the track, and, until appellant finished the task of coupling, that they were to proceed with work other than that with which he was concerned.

While appellant was entitled to have the jury's attention called to circumstances from which inferences might be drawn, tending to rebut any inference of contributory negligence, Pitcairn v. Devlin, 6 Cir., 111 F.2d 735, we are of the opinion that the requested instruction was not directed to this end, but rather to emphasize appellant's compliance with the written rules, which was not in issue. Appellant's real contention, on this point, was that appellee was guilty of negligence because of violation of the written rules, and that appellant's "cut-off" signal did not qualify the application of such rules. As to the latter part of the proposed instruction, the jury might well have been told that if appellant had exercised ordinary care in all respects for his own safety, he would not have been guilty of contributory negligence. On a retrial, the matters here complained of, are not likely to recur.

The judgment is reversed, and a new trial is granted.